E & S Freedman Associates, plaintiff *v.* United States, defendant

Consolidated Court No. 79–05–00779, 76–06–01502, 76–12–02767, 77–04–00599, 77–06–01097, 78–01–00126, 78–05–00962, and 78–12–02131

(Dated April 25, 1988)

*Mandel & Grunfeld, (Steven P. Florsheim),* for plaintiff.
*John R. Bolton,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, and *(Susan Handler-Menahem),* Civil Division, Department of Justice Commercial Litigation Branch, for defendant.

OPINION AND ORDER

WATSON, *Judge:* In this action plaintiff challenges the appraised value of cigarette lighters imported from Japan in 178 entries during the period from January, 1972 through September, 1978.

The merchandise was appraised on the basis of export value, as defined in Section 402(b) of the Tariff Act of 1930, as the commercial invoices. While the parties initially agreed that export value was the proper statutory basis of appraisement for the merchandise, they disagreed as the plaintiff's claim that the amounts shown

on the invoices as buying commissions should be deducted from the appraised value.

The relevant statutory provision reads as follows:

STATUTE

Section 402b of the Tariff Act of 1930, 46 Stat. 708, as amended by the Customs Simplification Act of 1956, 70 Stat. 943 provides as follows:

(b) *Export Value.*—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

In order to prove its claimed values, plaintiff has to overcome the presumption of correctness which attaches to the appraised values. 28 U.S.C § 2639(a)(1). In order for plaintiff to succeed with respect to its claim for the deduction of buying commissions, it would either have to isolate the element of buying commissions as "improperly" included in a composite appraised value, or begin anew by proving all the elements of export value from the beginning.

The first method may be used when the appraisement is separable in accordance with the principles stated by this court in *Haddad & Sons, Inc.* v. *United States,* 54 Cust. Ct. 600, 602–603, R.D. 10942 (1965) as follows:

* * *Where the appraisement is stated in terms of a first cost or ex-factory price, plus the disputed charges, the appraisement is considered to be separable, and the party challenging the appraiser's return may rely upon the presumption of correctness as to all elements of the appraisement which he does not seek to dispute. Thus, such an appraisement may be attacked simply by negativing the charges without affirmatively establishing that the ex-factory price is a price which accords with every element entering into the statutory definition of export value. Where, however, the appraised value is expressed as a single indivisible unit, as in the instant case, it is not susceptible of being broken down into its component parts, except by proof sufficient to sustain the burden imposed by statute upon a party who challenges the presumptively correct return of the appraiser of establishing every material element in the basis of value upon which reliance is placed.

The Court is of the opinion that plaintiff failed to satisfy any of its burdens in this action. It did not prove that the appraisement was separable, either on its face or by evidence that the appraising officer *in fact* calculated the appraised value by adding specific charges to the ex-factory prices. Moreover, even if the Court were to address these specific questions of whether the disputed amounts were deductible buying commissions, the Court would have to conclude, based on the evidence, that they were not.

Plaintiff attempted to dissect the unitary appraised value by offering the testimony of Mr. Ralph Conte, a team leader and import specialist for the Customs Service at the New York Seaport since 1972, who advisorily made most of those appraisements involved in this case which were done at that seaport. His testimony did not show that the Seaport appraisements were reached by adding specific charges or amounts to ex-factory values. Moerover, Mr. Conte was unfamiliar with the appraisement method used by the import specialist at John F. Kennedy Airport with respect to the entries made at that location. His testimony established only that he accepted the F.O.B. values set out on the invoices and made no use of the disputed charges in reaching his appraisal.

The Court notes that plaintiff attempted to use certain documentary evidence regarding the *contemplated* appraisement by the import specialist of JFK (Plaintiff's Exhibits 8 and 9), but these do not establish how the appraisements were actually made. Moreover, in view of the fact that the parties stipulated that the appraisements at JFK were made in the same manner as those at the Seaport (Exhibit 4), it must follow that the deficiency of proof with respect to the appraisements made at the Seaport controls all the appraisements.

The Court further notes that the mere fact that the appraised value happens to be the mathematical sum of the invoice price plus charges does not allow an inference that the elements of the appraisement are separable. *Mitsubishi International Corp.* v. *United States,* 78 Cust. Ct. 4, C.D. 4686 (1977) and *Haddad & Sons, Inv.* v. *United States,* 54 Cust. Ct. 600, R.D. 10942 (1965).

Since plaintiff did not succeed in isolating the element of buying commissions from within this unitary appraisement, it therefore had the burden of proving every element of its claimed export value within the purview of § 402(b), a burden which it did not satisfy. On this question it must be stated that the testimony of plaintiff's only witness was simply not credible, was lacking in documentary support, was weakened or contradicted by evidence offered by the government (Defendant Exhibit I, page 1; Exhibit L, pp. 3–4 and Exhibit F). In short, plaintiff's attempt to prove that the merchandise in question was purchased at ex-factory prices through buying agents, was not supported by credible evidence.

Plaintiff's attempt to prove that the amounts it paid to certain parties designated as agents, was non-dutiable because they were fees for buying agents was entirely unpersuasive. Plaintiff's evidence consisted primarily of the testimony of Elliot Freedman, one of the owners of plaintiff, and copies of some buying agency agreements. The testimony at trial was riddled with gaps and inconsistencies and was directly contradicted by government investigative reports.

In reviewing the testimony, the Court finds that plaintiff failed to overcome the presumption of correctness attaching to the appraisement, *B & W Wholesale* v. *United States,* 58 CCPA 92, C.A.D. 1010, 436 F.2d 1399 (1971). Plaintiff failed to satisfy the standard of proof regarding the bona fidesse of an agency relationship between it and the alleged agents, *J.C. Penney Purchasing Corp., et al.* v. *United States,* 80 Cust. Ct. 49, C.D. 4741 (1978).

For the reasons given above, it is the judgment of the Court that the appraised value of the imported merchandise be affirmed and that this action be dismissed.